NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MAGDALENA E., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.R., *Appellees.*

No. 1 CA-JV 21-0219
FILED 11-30-2021

Appeal from the Superior Court in Maricopa County
No. JD 40651
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Czop Law Firm, PLLC, Higley
By Steven Czop
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1        Magdalena E. ("Mother") appeals the juvenile court's order finding her son, A.R., dependent.  Because reasonable evidence supports the court's order, we affirm.

## BACKGROUND

¶2        Mother and Abraham R. ("Father") are the biological parents of A.R., born in September 2020.[1]  A.R. was born exposed to marijuana and amphetamines.  As a result, the Department of Child Safety ("DCS") created an in-home safety plan that required Mother's contact with A.R. to be supervised.  Mother, Father, and A.R. lived with Father's sister ("Aunt") and paternal grandmother, who acted as safety monitors.  Throughout October 2020, Mother participated in services and provided negative drug tests; although Mother had two no shows, she tested negative the day before for each.  The following month she missed several drug tests and group treatment sessions, and she was deemed "resistant" to treatment.  In December, Mother missed all of her drug tests and only attended two group treatment sessions.

¶3        On January 5, 2021, Mother tested positive for marijuana, amphetamine, and methamphetamine.  She tested positive for amphetamine on January 14, for marijuana and methamphetamine on January 15, and for methamphetamine on January 19.  Mother entered inpatient substance abuse treatment at TERROS's Maverick House on January 20 but left six days later without completing her treatment program.  Aunt decided Mother could no longer live in Aunt's home due to concerns that Mother was abusing substances around Aunt's two children.  Mother then entered inpatient treatment at Lifewell on February 27, but voluntarily discharged on March 15, having only partially

---

[1]        The juvenile court also determined that A.R. is dependent as to Father, but Father is not a party to this appeal.

completed her treatment program. She briefly stayed with her mother before moving into a hotel.

¶4 Shortly after, DCS filed a petition alleging A.R. was dependent as to both parents. As pertinent here, DCS alleged that Mother failed to provide appropriate parental care by neglecting A.R. due to her substance abuse during the pregnancy, continuing to use drugs after giving birth, and failing to remain consistent with her substance abuse treatment.

¶5 A contested dependency hearing was held in June 2021. The juvenile court heard testimony from Father and Aunt; Mother did not testify. The court also considered various exhibits submitted by DCS, including progress reports, team decision-making notes, and Mother's drug treatment records. The court granted DCS's petition, noting Mother's unsuccessful efforts to complete inpatient treatment and her lack of family support. The court explained that Mother was obligated to participate in testing twice a week but had failed to successfully complete any drug test since March 24, 2021. The court also found that Mother's earlier tests were "sporadic with some positive tests, but mainly Mother did not call." The court concluded that given Mother's missed tests, the presumption is that she "is still using drugs." Mother timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶6 We review an order adjudicating a child dependent for an abuse of discretion, deferring to the juvenile court's ability to weigh and analyze the evidence. *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12 (App. 2015). We will only disturb a dependency adjudication if no reasonable evidence supports it. *Id.*

¶7 To support a dependency finding, as pertinent here DCS was required to prove by a preponderance of the evidence, A.R.S. § 8-844(C)(1), that A.R. was "[i]n need of proper and effective parental care and control," that Mother was not "willing to exercise or capable of exercising such care and control," and that his home was unfit due to Mother's neglect under A.R.S. § 8–201(15)(a)(i), (iii). Although the court must consider the "circumstances existing at the time of the adjudication hearing," the conditions for dependency "need not be continuous or actively occurring at the time of the adjudication hearing to support a finding of dependency on these grounds; the substantiated and unresolved threat is sufficient." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50–51, ¶¶ 12, 16 (App. 2016).

¶8        Mother argues the juvenile court erred in finding A.R. dependent because DCS failed to provide evidence that she had a current substance abuse problem, and the court's finding that she was still using drugs because she did not engage in drug testing is too speculative. Mother contends that DCS presented no evidence to contradict her stability at the time of the dependency hearing. The record shows otherwise.

¶9        Mother has been abusing substances for approximately 24 years, since age 14, acknowledging that her longest period of sobriety has been about two months. She previously participated in substance abuse treatment but did not complete her last two inpatient treatment programs and has been unable to demonstrate sobriety. At the time of the dependency hearing, Mother had not successfully completed a drug test for almost three months. The juvenile court could properly presume she was still using drugs, and thus implicitly conclude that Mother's inability to overcome her substance abuse problem was a substantiated and unresolved threat to A.R. *See Shella H.*, 239 Ariz. at 50–51, ¶¶ 12, 16. Reasonable evidence supports the court's dependency findings.

**CONCLUSION**

¶10        We affirm the juvenile court's order finding A.R. dependent as to Mother.



AMY M. WOOD • Clerk of the Court
FILED:    AA